IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. DITTEMORE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THE TRANSIT AUTHORITY OF THE CITY OF OMAHA D/B/A METRO AREA TRANSIT, a Nebraska corporation,<br><br>    Defendant. | 8:16-CV-23<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant's motion to dismiss (filing 7) the plaintiff's claim for relief arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203, and the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 *et seq*. The Court agrees with the defendant that the plaintiff failed to state a claim under the NFEPA and did not exhaust his administrative remedies for a Title VII or ADA claim. Accordingly, the Court will grant the motion to dismiss.

BACKGROUND

  The plaintiff, Michael Dittemore, was a facility engineer for the defendant, Metro Area Transit (MAT). Filing 3 at 1. MAT engineers are required to maintain a commercial driver's license and Department of Transportation (DOT) medical certification. Filing 3 at 2.

  According to Dittemore, he received a DOT certification in 2013 that was valid until 2015. Filing 3 at 2. But in 2014, MAT refused to accept his certification. Filing 3 at 3. So, he got another DOT medical certification from his personal physician on April 23, 2014, which was valid through April 30, 2016. Filing 3 at 3. But in July 2014, Dittemore was told that he had to obtain a new certificate from a doctor listed on the National Registry of Certified Medical Examiners.[1] Filing 3 at 3.

---

[1] MAT apparently believed this was required because of a new Federal Motor Carrier Safety Administration regulation requiring all medical examiners who conduct physical

At around the same time, Dittemore reported to MAT that he had seen another MAT employee stealing scrap metal and selling it on eBay. Filing 3 at 3-4. Dittemore alleges that, a few days later, he was informed by his supervisor that he had been suspended for failing to obtain a new DOT certification. Filing 3 at 3. But he alleges that the day after that, another MAT supervisor told him that he had not been suspended and his time card was being docked "attendance points" because he was absent. Filing 3 at 4.

A little over a week later, MAT's physician issued Dittemore a temporary 3-month DOT certification, but he was required to undergo a sleep study, at his own expense. Filing 3 at 4. He alleges that he was unable to complete the sleep study before the temporary certification expired. Filing 3 at 4. Dittemore was again suspended without pay in October 2014 on the basis of the expired certification, and he alleges that he "continue[d] to accrue attendance points while he was suspended." Filing 3 at 5; filing 10-3. In December, he was terminated, allegedly as a result of his accrued attendance points. Filing 3 at 11; filing 10-3.

Dittemore filed a discrimination charge with the Nebraska Equal Opportunity Commission (NEOC). Filing 10-3.[2] His charge complained of age and whistleblower discrimination. Filing 10-3. The NEOC found that the evidence failed to support the allegations, and dismissed the charge on both bases. Filing 10-4. Dittemore sued. Filing 3.

Dittemore's complaint contains two claims for relief. The first, that he was unlawfully terminated on the basis of his age in violation of state and federal age discrimination statutes, has not been put at issue by MAT's

---

examinations for interstate commercial motor vehicle drivers to meet certain criteria. *See* National Registry of Certified Medical Examiners, 77 Fed. Reg. 24,104 (Apr. 20, 2012) (codified at 49 C.F.R. §§ 350, 383, 390, 391). Dittemore contends that MAT's interpretation of the regulation was incorrect, *see* filing 3 at 5, but the Court need not answer that question at this point.

[2] Dittemore provided a copy of the charge and the NEOC determinations on that charge in opposition to MAT's motion to dismiss, and asked the Court to convert MAT's Rule 12(b)(6) motion into a motion for summary judgment in order to consider the evidence. Filing 10 at 2 n.1. The Court will consider the evidence, but need not (and does not) convert MAT's motion to dismiss into a motion for summary judgment. On a motion to dismiss, in addition to the pleadings, the Court may also consider some information which is not contained within the complaint, such as materials that are part of the public record and materials that are necessarily embraced by the pleadings, without transforming the motion into one for summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). NEOC records are such materials. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002); *see also*, *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir.), *cert. denied sub nom. Adams v. City of Indianapolis, Ind.*, 135 S. Ct. 286 (2014); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1017 (N.D. Iowa 2011).

motion to dismiss. The second claim for relief is captioned "Violation of Nebraska Fair Employment Practice Act's Prohibition On Retaliation," and cites 42 U.S.C. §§ 2000e-3(a) and 12203, and Neb. Rev. Stat. § 48-1114. Filing 3 at 9. It alleges that Dittemore was terminated in retaliation for (1) "provid[ing] medical documentation identifying and validating his medical status" and (2) reporting to "management that [MAT] employees were stealing . . . then selling . . . scrap metal for personal profit." Filing 3 at 11. MAT moves to dismiss Dittemore's retaliation claim. Filing 7.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

MAT moves to dismiss the retaliation claim on two grounds. First, MAT claims that Dittemore fails to state a claim under the NFEPA. Second, MAT claims that to the extent Dittemore is attempting to plead a Title VII or ADA claim, he did not administratively exhaust it. Filing 8.

### NFEPA

A retaliation claim under the NFEPA—specifically, § 48-1114(3)—is governed by the same standard as a claim for retaliation under 42 U.S.C. § 1981 or Title VII. *Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1167 (D. Neb. 2012). The elements of a prima facie case of retaliation are that (1) the plaintiff engaged in statutorily protected activity, (2) an adverse employment action was taken against the plaintiff, and (3) a causal connection exists between the two events. *Id.* (citing *Gacek v. Owens & Minor Distribution, Inc.*, 666 F.3d 1142, 1146 (8th Cir. 2012)). MAT argues that Dittemore failed to state a claim for retaliation in violation of the NFEPA because he did not allege engaging in protected activity. *See* filing 8 at 9.

Dittemore does not respond to this argument. *See* filing 10. So, the Court is left with the bare allegations of the complaint:

> Mr. Dittemore engaged in protected activities. He provided medical documentation identifying and validating his medical status. Mr. Dittemore reported to [MAT] management that [MAT] employees were stealing heater cores and other scrap metal, and then selling [MAT]'s scrap metal for personal profit.

Filing 3 at 11. But neither of those alleged activities is an activity protected by the NFEPA. The NFEPA protects an employee who "has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." § 48-1114(3). But the "practice" in § 48-1114(3) refers to an unlawful practice of the employer. *Wolfe v. Becton Dickinson & Co.,* 662 N.W.2d 599, 603 (Neb. 2003); *see*, *Bonn v. City of Omaha,* 814 N.W.2d 114, 120 (Neb. Ct. App. 2012); *Helvering v. Union Pac. R. Co.,* 703 N.W.2d 134, 148 (Neb. Ct. App. 2005). It does not include unlawful or prohibited actions of coemployees. *Bonn,* 814 N.W.2d at 120; *Helvering,* 703 N.W.2d at 148; *see Wolfe,* 662 N.W.2d at 604. The NFEPA "is not a general 'bad acts' statute[,]" and the statute's purpose is not served by giving an extra layer of protection from discharge to those employees who happen to voice their opposition to any manner of unlawful activity. *Wolfe,* 662 N.W.2d at 603.

It is evident that reporting alleged theft by one's co-workers is not protected activity under the NFEPA. Nor is obtaining a DOT certification. The closest Dittemore gets to alleging an unlawful act *of MAT* is in implying—if the complaint is read broadly—that MAT somehow acted unlawfully in insisting that Dittemore obtain a new DOT certification when, according to Dittemore, his existing certification remained valid. But that is not close enough—even if Dittemore is correct that he was not required to obtain a new certification, he points to no authority suggesting that it was *illegal* to require one of him. Nor is the activity on his part that he actually alleges—"provid[ing] medical documentation identifying and validating his medical status"—either opposing that practice or refusing to carry out an unlawful action within the meaning of § 48-1114(3).

In sum, neither of Dittemore's alleged activities is statutorily protected by the NFEPA, and he has failed to state a claim for relief under that statute.

### ADMINISTRATIVE EXHAUSTION

The federal anti-discrimination statutes cited by Dittemore require a plaintiff to first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC or a state or local agency with authority to

seek relief. *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015); *see Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). MAT contends that Dittemore failed to exhaust any Title VII or ADA claims he might have by failing to raise them before the NEOC.

MAT is correct. The "Charge of Discrimination" form Dittemore filled out for the NEOC included several check-boxes for the "cause of discrimination" being alleged, including race, sex, retaliation, age, and whistleblower. Filing 10-3. He checked the boxes for "age" and "whistleblower." Below, he specifically stated his belief that he "was retaliated against for complaining [about illegal activity in the workplace] and discriminated against due to age" when he was suspended and then terminated. Filing 10-3. He further specified that he had

> been discriminated against on the basis of age, in violation of The Age Discrimination in Employment Act of 1967, as Amended, and Section 48-1004 of the Nebraska Age Discrimination in Employment Act, and on the basis of whistleblower retaliation, in violation of Section 48-1114(3) of the Nebraska Fair Employment Practice Act.

Filing 10-3. Nothing in the charge, either factually or legally, suggests a claim based on retaliation in violation of Title VII or the ADA. And the NEOC read it the same way, issuing two separate determinations: one dismissed his charge "[p]ursuant to the Nebraska Age Discrimination in Employment Act" and the other dismissed his charge "[p]ursuant to the Nebraska Fair Employment Practice Act." Filing 10-4 at 1, 3.

Dittemore argues, based on the administrative record, that he "alleged both age discrimination and retaliation based on his whistleblower allegations" and that MAT "can make no legitimate argument that Mr. Dittemore should be denied his right to bring the claims for which he exhausted his administrative remedies." Filing 10 at 3. But MAT is not arguing otherwise. Rather, MAT is arguing that Dittemore cannot bring federal claims for which he quite evidently did *not* exhaust his administrative remedies. The Court may "deem administrative remedies exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations of the administrative charge.'" *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (internal alterations omitted) (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)). But while the Court may liberally construe an administrative charge for exhaustion of remedies purposes, "there is a difference between liberally reading a claim which lacks

specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Sellers,* 791 F.3d at 943.

Dittemore's NEOC charge contains nothing upon which the NEOC could have been expected to investigate disability discrimination or any discrimination on the basis of sex, race, color, national origin, or religion. The scope of a civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination, *see Tart,* 31 F.3d at 671, but it cannot be broader, and Dittemore's suit is.

Dittemore failed to exhaust his administrative remedies on any Title VII or ADA claim, and he fails to state a claim for relief under the NFEPA. The Court will grant MAT's motion to dismiss and dismiss Dittemore's retaliation claim.

IT IS ORDERED:

1. MAT's motion to dismiss (filing 7) is granted.

2. Dittemore's second claim for relief is dismissed.

3. MAT's answer shall be filed on or before August 5, 2016.

4. This case is referred to the Magistrate Judge for case progression.

Dated this 19th day of July, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge